# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT TOLEDO

| | | |
|---|---|---|
| **ELLA BLYTHE** | : | **CASE NO.** _____ |
| | : | |
| **PLAINTIFF,** | : | |
| | : | **JUDGE** _____ |
| **V.** | : | |
| | : | |
| **BEF FOODS, INC.,** | : | <u>**COMPLAINT WITH JURY DEMAND**</u> |
| | : | |
| **DEFENDANT.** | : | |

---

## <u>PRELIMINARY INFORMATION</u>

This is an action for damages and injunctive relief based upon Plaintiff's claims of sex discrimination in violation of Ohio Revised Code Sections 4112.02 and 4112.99 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 et seq. ("Title VII"), age discrimination in violation of Ohio Revised Code Sections 4112.02 and 4112.99 and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"), disability discrimination under Ohio Revised Code Sections 4112.02 and 4112.99 and the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. 126, §12201 et seq. ("ADAAA"), unlawful retaliation in violation of Ohio Revised Code Sections 4112.02 and 4112.99, Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 et seq. ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"), the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. 126, §12201 et seq. ("ADAAA") and violations of the Family and Medical Leave Act, 29 U.S.C. 28, §2601 et seq. ("FMLA").

1

## JURISDICTION AND VENUE

1. This Court has original jurisdiction in this case under Title VII, the ADEA, the ADAAA and the FMLA.

2. Venue is proper in the Northern District of Ohio, Western Division at Toledo because the claims as set forth herein arose in Allen County, Ohio.

## PARTIES

3. Plaintiff, Ella Blythe, is an individual citizen residing in Allen County, Ohio, and was formerly employed by Defendant in Allen County, Ohio.

4. Defendant, BEF Foods, Inc., is an Ohio based, for-profit corporation, which conducted business in Allen County, Ohio at all times relevant to this action.

## FACTUAL BACKGROUND

5. Plaintiff is female and forty-nine (49) years old.

6. Plaintiff has a Bachelor of Science degree in Environment Health and Safety Management and a Master of Science degree in Environment Health and Safety Management.

7. Plaintiff was employed by Defendant from on or about April 22, 2019 through January 5, 2021, as an Environmental Health and Safety Manager.

8. During the course of her employment with Defendant, Plaintiff was diagnosed with mental health conditions which substantially limited her abilities to concentrate, think, communicate, interact with others and regulate her emotions and thoughts, as well as physical health conditions which substantially limited her ability to lift, grasp, push, pull and carry objects and to perform manual tasks.

Additionally, Plaintiff was diagnosed with COVID-19, which substantially limited her ability to interact with others and to work during her mandated isolation period.

9. Throughout her employment with Defendant, Plaintiff was qualified to perform her job duties, but at times required reasonable accommodations under Ohio Revised Code Section 4112 and the ADAAA.

10. Despite her qualifications to perform her job duties, on numerous occasions during her employment with Defendant, Plaintiff requested support and assistance with plant safety issues and those requests were met with resistance and inaction.

11. As a reasonable accommodation for her mental health condition which substantially limited her abilities to concentrate, think, communicate, interact with others and regulate her emotions and thoughts, Plaintiff requested a medical leave of absence from April 15, 2020 through April 30, 2020. Defendant authorized Plaintiff to take leave during this period of time under the FMLA.

12. As a reasonable accommodation for her physical health condition which substantially limited her abilities to lift, grasp, push, pull and carry objects and to perform manual tasks, Plaintiff requested a medical leave of absence from June 25, 2020 through September 2, 2020. Defendant authorized Plaintiff to take leave during this period of time under the FMLA.

13. When Plaintiff returned to work on or about September 2, 2020, she requested reasonable accommodations for her physical disability.

3

14. While Plaintiff was on FMLA leave, as a reasonable accommodation for her disability, Defendant made plans to replace her as an Environmental Health and Safety Manager with a male employee.

15. On or about September 2, 2020, Plaintiff was brought into a meeting with Chris Sassone, Peter Dyck, Chae Kim and Steve Hull, all of whom are male, along with other males who had been invited to the meeting to present findings on safety. The male attendees created several separate action lists containing items for Plaintiff to complete. Plaintiff considered the tone of the meeting and the manner in which it was conducted to be hostile and intimidating towards her.

16. On or about September 10, 2020, Respondent ordered Plaintiff to work in violation of her medical restrictions and denied her continuing request and need for a reasonable accommodation.

17. On or about September 15, 2020, Plaintiff was required to attend a meeting with Mr. Kim.  During the meeting Mr. Kim pushed a document across the desk to Plaintiff which contained false accusations, Mr. Kim harassed and intimidated Plaintiff by talking over her, not allowing her to speak and attacking and belittling her knowledge and abilities. Mr. Kim also showed signs of aggression toward Plaintiff through his body language.  Plaintiff did not observe Mr. Kim treat her male counterparts in the same manner.  Plaintiff considered Mr. Kim's conduct to constitute harassment based on her sex.

18. On or about September 15, 2020, Plaintiff called Defendant's ethics hotline and reported harassment and discrimination on the basis of her sex.

19. On or about September 16, 2020, Plaintiff informed Shannon Wright, Human Resources Manager, that she had made a complaint to Defendant's ethics hotline regarding sex discrimination.

20. Plaintiff's complaints discussed in Paragraphs 18 and 19 above, constitute protected activities under Ohio Revised Code Section 4112 and Title VII.

21. On or about September 17, 2020, Plaintiff was informed by Emily Moertl, Human Resources Director, that Defendant could no longer provide reasonable accommodations for her disability and she was instructed to pack her belongings and to leave the plant. Defendant's actions denied Plaintiff a reasonable accommodation for her disability and was a form of unlawful retaliation.

22. On or about September 17, 2020, Plaintiff was instructed by Defendant to have her doctor remove her medical restrictions so that she would need a reasonable accommodation. Defendant's actions denied Plaintiff a reasonable accommodation for her disability and was a form of unlawful retaliation.

23. On or about September, 18, 2020, Ms. Moertl sent an email message to various employees stating that Plaintiff would be off work on a leave of absence for up to two (2) months.

24. Plaintiff's doctor would not remove Plaintiff's medical restrictions due to her continued need for reasonable accommodations.

25. On or about October 22, 2020, Plaintiff was diagnosed with COVID-19. She was off work on a medical leave of absence under the FMLA, as a reasonable accommodation, from October 22, 2020 through November 3, 2020. Plaintiff returned to work on November 3, 2020, after receiving clearance from the

Department of Health.  During this time period Plaintiff was substantially limited in her ability to work and interact with others.

26. Upon her return to work on November 3, 2020, Plaintiff was issued an inaccurate and unwarranted negative performance evaluation and placed on a thirty (30) day performance improvement plan.

27. Defendant was aware that expectations set forth in the performance improvement plan could not be reasonably completed within thirty (30) days.

28. During the performance improvement plan period, Defendant pulled Plaintiff away from duties set forth in the performance improvement plan and assigned her to conduct new employee orientations.

29. On or about December 22, 2020, Plaintiff filed a charge of discrimination with the Ohio Civil Rights Commission ("OCRC") and Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of sex, age, disability and retaliation.  That caption of that charge is DAYB6(29451)04232021; 22A-20221-02126C and a copy of the charge is attached hereto as Exhibit A.  Plaintiff exhausted her administrative remedies under state and federal law.

30. On or about December 30, 2020, Plaintiff was subjected to harassment from Craig Smith, Interim Plant Manager, during a daily manager's meeting.

31. On or about December 30, 2020, Plaintiff made a complaint of sex discrimination to Ms. Wright pertaining to Mr. Smith's actions in the daily manager's meeting which was held on or about December 30, 2020.

32. On or about January 5, 2021, Plaintiff's employment was terminated by Defendant.

33. Plaintiff was replaced by Tim Hatfield, a significantly younger male.

34. Plaintiff was subjected to severe and pervasive harassment on the basis of her sex, age, disability and in retaliation for complaining of sex discrimination.  The harassment created a hostile work environment for Plaintiff which interfered with her ability to perform her job duties.

35. Plaintiff's employment was terminated due to her sex, age, disability, in retaliation for making internal complaints of sex discrimination, in retaliation for filing a charge of sex, age, disability discrimination and retaliation with OCRC and EEOC and in retaliation for taking leave under the Family and Medical Leave Act.

36. Following the termination of her employment, Plaintiff filed a charge of retaliation with OCRC and EEOC on or about August 10, 2021.  The caption of that charge is DAY76(29709)08102021; 22A-20221-02560C.  A copy of the Charge is attached hereto as Exhibit B.  Plaintiff exhausted her administrative remedies under state and federal law.

37. Plaintiff was issued Right to Sue Notices by OCRC, which are attached hereto as Exhibits C and D.

38. Plaintiff was issued a Right to Sue Notice from EEOC which was received on or about May 13, 2022, for Case Number DAYB6(29451)04232021; 22A-20221-02126C and the Notice is attached hereto as Exhibit E.

39. As a direct and proximate result of Plaintiff being subjected to a hostile work environment due to her sex, age, disability and complaints of sex discrimination and being wrongfully terminated from her employment due to her sex, age,

disability, complaints of discrimination and taking of FMLA leave, she has

suffered injuries in form of loss of earnings and benefits, emotional distress,

attorney's fees and other damages.

40. The actions of Defendant in intentionally discriminating against Plaintiff on the

basis of her sex, age, disability and complaints of discrimination were wanton

willful and malicious and/or in reckless disregard for Plaintiff's statutory and

common law rights under Ohio Revised Code Section 4112, Title VII, the ADEA

and the ADAAA.

### FIRST CLAIM FOR RELIEF

41. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through

40, as if fully rewritten herein.

42. The actions of Defendant constitute sex discrimination in violation of Ohio

Revised Code Sections 4112.02 and 4112.99.

### SECOND CLAIM FOR RELIEF

43. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through

42, as if fully rewritten herein.

44. The actions of Defendant constitute sex discrimination in violation of Title VII of

the Civil Rights Act of 1964, 42 U.S.C. 2000 et seq.

### THIRD CLAIM FOR RELIEF

45. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through

44, as if fully rewritten herein.

46. The actions of Defendant constitute age discrimination in violation of Ohio Revised Code Sections 4112.02 and 4112.99.

## FOURTH CLAIM FOR RELIEF

47. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 46, as if fully rewritten herein.

48. The actions of Defendant constitute age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.

## FIFTH CLAIM FOR RELIEF

49. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 48, as if fully rewritten herein.

50. The actions of Defendant constitute disability discrimination in violation of Ohio Revised Code Sections 4112.02 and 4112.99.

## SIXTH CLAIM FOR RELIEF

51. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 50, as if fully rewritten herein.

52. The actions of Defendant constitute disability discrimination in violation of the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. 126, §12201 et seq.

## SEVENTH CLAIM FOR RELIEF

53. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 52, as if fully rewritten herein.

54. The actions of Defendant constitute unlawful retaliation in violation of Ohio Revised Code Sections 4112.02 and 4112.99.

## EIGHTH CLAIM FOR RELIEF

55. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 54, as if fully rewritten herein.

56. The actions of Defendant constitute unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 et seq.

## NINTH CLAIM FOR RELIEF

57. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 56, as if fully rewritten herein.

58. The actions of Defendant constitute unlawful retaliation in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.

## TENTH CLAIM FOR RELIEF

59. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 58, as if fully rewritten herein.

60. The actions of Defendant constitute unlawful retaliation in violation of the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. 126, §12201 et seq.

## ELEVENTH CLAIM FOR RELIEF

61. Plaintiff reasserts and realleges all the claims set forth in paragraphs one through 60, as if fully rewritten herein.

62. The actions of Defendant constitute unlawful retaliation and interference with

Plaintiff's rights in violation of the  Family and Medical Leave Act, 29 U.S.C. 28,

§2601 et seq. ("FMLA").

WHEREFORE, Plaintiff demands judgment as follows:

A. Lost wages, front pay, compensatory and punitive damages in an amount exceeding

75,000.00;

B. Liquidated damages;

C. Reasonable attorney fees and costs of suit; and

D. Appropriate equitable relief.

Respectfully submitted,

_____

Jason P. Matthews-#0073144
Jason P. Matthews, LLC
130 West Second Street
Suite 924
Dayton, OH  45402
P. (937) 608-4368 F. 1-888-577-3589
jason@daytonemploymentlawyers.com
Attorney for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial by jury in this matter.

_____

Jason P. Matthews

11